UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALMA FELIX, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>    v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>                            Defendants. | Case No.  1:21-cv-10286-PAC<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SU YAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| SU YAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>    v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>                            Defendants. | Case No.  1:21-cv-10999-PAC |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........................................................................................................... 3

    II.     YAN SHOULD BE APPOINTED LEAD PLAINTIFF ........................................ 4

          A.      Yan Is Willing to Serve as Class Representative ........................................ 5

          B.      Yan Has the "Largest Financial Interest" in the Related Actions ............... 6

          C.      Yan Otherwise Satisfies the Requirements of Rule 23 ............................... 7

          D.      Yan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ....................................................... 9

    III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..................................................................................................... 10

CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ................................... 7

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ............................................................................................ 4

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992) ................................................................................................ 8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................................ 3

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ........................... 6

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ....................................... 9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................ 9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................................................... 6

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .............. 6, 10, 11

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) .................................................................................................... 8

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ................................... 4

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) .............................................................................................. 10

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................ 6

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ..................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................................3

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) .................................................................................................8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .....................................................................................................3

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................................10

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ........................................................6

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993) .......................................................................................................3

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .........................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) .......................................................................................10

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................ passim

Private Securities Litigation Reform Act of 1995 ................................................................ passim

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. passim

Fed. R. Civ. P. 42 ..................................................................................................................... 1, 3

Su Yan ("Yan") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Yan as Lead Plaintiff on behalf of all those investors who purchased or otherwise acquired iQIYI, Inc. ("iQIYI" or the "Company") shares contemporaneously with the above-captioned defendants' ("Defendants") unlawful trades from March 22, 2021 through and including March 29, 2021 (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Defendants unlawfully used material non-public information to avoid billions in losses in violation of the Exchange Act. iQIYI investors, including Yan, incurred significant losses following the disclosure of the non-public information that caused iQIYI's share price to fall sharply, damaging Yan and other iQIYI investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I).  In connection with his purchases of iQIYI shares during the Class Period, Yan incurred losses of approximately $37,405.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.  Accordingly, Yan believes that he has the largest financial interest in the relief sought in the Related Actions.

Beyond his considerable financial interest, Yan also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Yan has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Yan respectfully requests that the Court enter an order consolidating the Related Actions, appointing Yan as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

**STATEMENT OF FACTS**

As alleged in the complaints in the Related Actions, iQIYI is an online entertainment company in China.  The complaints allege that Defendants sold a large number of iQIYI shares during the week of March 22, 2021, while in possession of material, non-public information that Archegos Capital Management ("Archegos"), a family office with $10 billion under management, failed (or was likely to fail) to meet a margin call, requiring it to fully liquidate its position in the Company.  According to subsequent media reports, Defendants unloaded large block trades consisting of shares of Archegos' doomed bets, including billions worth of iQIYI securities, late

Thursday, March 25, 2021, before the Archegos story reached the public, sending iQIYI's shares into a complete tailspin.

As a result of these sales, Defendants ***avoided billions in losses*** combined.

Defendants knew, or were reckless in not knowing, that they were prohibited from trading based on this confidential market-moving information, but traded anyway, disposing to the plaintiffs in the Related Actions and other Class members their iQIYI shares before the news about Archegos was announced and iQIYI's shares plummeted.

As a result, the plaintiffs in the Related Actions and the Class have been damaged from Defendants' violations of United States securities laws.

## ARGUMENT

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  See Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation

3

inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-*3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the same Defendants in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants unlawfully used material non-public information to avoid billions in losses when they unloaded iQIYI shares to Class members prior to the disclosure of the non-public information that ultimately caused the Company's share price to plummet. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.     YAN SHOULD BE APPOINTED LEAD PLAINTIFF

Yan should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Related Actions and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Yan satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Yan Is Willing to Serve as Class Representative

On December 2, 2021, counsel for the plaintiff in the first-filed of the Related Actions caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in iQIYI securities that they had until January 31, 2022—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Yan has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Yan satisfies the first requirement to serve as Lead Plaintiff of the Class.

5

### B. Yan Has the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Yan has the largest financial interest of any iQIYI investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Yan: (1) purchased 17,000 iQIYI American Depository Receipts ("ADRs"); (2) expended $290,760 on his purchases of iQIYI securities; (3) retained 17,000 of his iQIYI ADRs; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $37,405 in connection with his Class Period purchases of iQIYI securities. *See* Lieberman Decl.,

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

Ex. A.  To the extent that Yan possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Yan Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23."  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements.").  Here, the complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Yan.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The claims of Yan are typical of those of the Class. Yan alleges, as do all Class members, that Defendants violated the Exchange Act because they knew, or were reckless in not knowing, that they were prohibited from trading based on the confidential market-moving information alleged in the Related Actions' respective complaints, but traded anyway, disposing to Yan and other Class members their iQIYI shares before the non-public information was announced and iQIYI's share price plummeted. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Yan has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, Yan is also represented by the Chinese law firm the Hao Law Firm ("Hao") in this litigation.  Should the Court appoint Yan as Lead Plaintiff and appoint his chosen selection of counsel, Pomerantz, as Lead Counsel in these Related Actions, Pomerantz will utilize Hao's services as a Chinese law firm to assist with document translation and provide investigative services in China, where iQIYI is headquartered, thereby providing important litigation advantages to both Yan and the Class.  Moreover, Yan has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Yan demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Yan has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.

### D. Yan Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Yan as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Yan to fairly and adequately represent the Class has been discussed above.  Yan is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Yan should be appointed Lead Plaintiff for the Class.

### III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected Lead Plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Yan has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume.  *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities*

*Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id*. Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id*. As a result of its extensive experience in similar litigation, Yan's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Yan's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Yan respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Yan respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Yan as Lead Plaintiff for the Class; and (3) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated: January 31, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Su Yan and Proposed Lead Counsel for the Class*